**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JAMES COCKRILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.  07-2461 JWL |
| vs. ) | |
| ) | |
| LIVE NATION MARKETING, INC., ) | |
| ) | |
| Defendant. ) | |

**PROTECTIVE ORDER**

UPON the parties' motion and for good cause shown,

IT IS HEREBY ORDERED that, with regard to Live Nation Worldwide, Inc.'s proprietary documents with regard to corporate policies, procedures and guidelines identified in the litigation as:  Venue Manual disclosed in the course of the above-captioned lawsuit ("Lawsuit") which constitute or contain trade secrets or other confidential research, development, or commercial information of Live Nation Worldwide, Inc. ("Confidential Material") as reasonably and in good faith believed by the parties to be defined and interpreted as such by law, the following procedures shall govern:

1. Live Nation Worldwide, Inc. is a national entertainment company, whose ability to compete in the marketplace would be jeopardized by the publication of its trade secrets, proprietary business or financial information or other confidential research, development or commercial information.  Plaintiff recognizes that and agrees that a Protective Order is the best solution for the production of any such Confidential Material.

2. This Order is meant to encompass all forms of disclosure which may contain Confidential Material as described above, including any document, pleading, motion, exhibit, declaration, affidavit, deposition transcript, inspection and all other tangible items.

3. Any Confidential Material, as defined above, produced or filed in this lawsuit and subject to the terms of this Order shall be marked by the parties, "Confidential." If any such material has multiple pages, this designation need only be placed on the first page of such material. Any material designated as "Confidential" shall not be disclosed to any person or entity, except to counsel for the respective parties and expert witnesses assisting counsel in this Lawsuit, and the Court.

4. Any materials and information designated as confidential pursuant to Paragraph 2 above shall be used solely for the purposes of this lawsuit and for no other purpose including, but not limited to, commercial or litigation advantage.

5. Confidential Material shall not be disclosed, directly or indirectly, to anyone other than the attorneys for the parties. Confidential Material shall not be disclosed, directly or indirectly, to internet websites, chat rooms, message boards, newsgroups or other electronic locus, whether they be public or private. Nothing in this Protective Order prevents any party from disclosing Confidential Material to the Court or jury empaneled at the trial of this case, subject to such protections as the Court may order with respect to the treatment of Confidential Material. If any dissemination of any Confidential Material occurs, each non-designating counsel of record in this lawsuit shall maintain a written record as to: (1) the identity of any person given Confidential Material, and (2) the identity of the Confidential Material so disseminated (such as by "Bates stamp" number). Such record shall be made available to the designating party upon request.

6. In the event that any question is asked at a deposition that calls for the disclosure of Confidential Material, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the persons in attendance at the deposition are persons who

are qualified to receive such information pursuant to this Order.  Deposition testimony may be designated as confidential following the testimony having been given provided that: (1) such testimony is identified and designated on the record at the deposition, or (2) non-designating counsel is notified of the designation in writing within thirty (30) days after receipt by the designating party of the respective deposition transcript.  All deposition transcripts in their entirety shall be treated in the interim as "Confidential" pursuant to Paragraph 2 above.  When Confidential Material is incorporated in a deposition transcript, the party designating such information confidential shall make arrangements with the court reporter not to disclose any information except in accordance with the terms of this Order.

7. Any party who desires to file under seal any Confidential Material shall file a motion seeking leave to file under seal, identifying the particular document(s) sought to be filed under seal and setting froth specific facts that would satisfy the standards for sealing.

8. If a non-designating party is subpoenaed or ordered to produce Confidential Material by another court or administrative agency, such party shall promptly notify the designating party of the pending subpoena or order and shall not produce any Confidential Material until the designating party has had reasonable time to object or otherwise take appropriate steps to protect such Confidential Material.

9. If a party believes that any Confidential Material does not contain confidential information, it may contest the applicability of this Order to such information by notifying the designating party's counsel in writing and identifying the information contested.  The parties shall have thirty (30) days after such notice to meet and confer and attempt to resolve the issue.  If the dispute is not resolved within such period, the party seeking the protection shall have thirty (30)

days in which to make a motion for a protective order with respect to contested information. Information that is subject to a dispute as to whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling.

10. Inadvertent failure to designate any material "Confidential" shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fifteen (15) days after discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to designate the material "Confidential" in accordance with this Order.

11. This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

12. Within thirty (30) days after the termination of this lawsuit (whether by dismissal or final judgment and at which time this Court no longer has jurisdiction over the Protective Order as more fully discussed below), all Confidential Material (including all copies) shall be returned to counsel for the designating party.

13. After the termination of this lawsuit, this Court shall not retain jurisdiction the enforcement of this Protective Order, though any party may seek leave to reopen the case to enforce provisions of such Order.

IT IS SO ORDERED.

Dated at Kansas City, Kansas on this 15th day of April, 2008.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge